UNITED STATES of America, Appellee,

v.

James William REED, Appellant.

No. 83–1294.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1983.

Decided Jan. 9, 1984.

Scott F. Tilsen, St. Paul, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Donald M. Lewis, Asst. U.S. Atty., Dist. of Minn., Minneapolis, Minn., Barbara Miller, Legal Intern, for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

James William Reed was convicted in a jury trial on nine counts of wire fraud in violation of 18 U.S.C. § 1343. The charges arose from Reed's misappropriation of money from a church after he gained the confidence of the church's pastor. The indictment was based on Reed's transfers by wire of funds from a church bank account. On appeal Reed contends he was denied a fair trial because (1) government witnesses gave testimony that was irrelevant and prejudicial and which included impermissible hearsay, (2) the government did not reveal information to Reed as required by Federal Rule of Criminal Procedure 16(a)(1)(B), and (3) the prosecutor engaged in improper conduct during closing arguments. We affirm.

■ Over a relevancy objection the government was permitted to introduce evidence through the testimony of the church's office manager, Marguerite Carter, concerning the church's sources of income. She testified that the church receives income from Sunday collections, bingo games, and its second-hand store. On appeal Reed contends that this testimony was irrelevant and adduced only to incite prejudice against him. The trial court has broad discretion concerning the admissibility of evidence at trial, however, and thus admission of evidence will only be grounds for reversal if it is determined that the trial court abused its discretion. *United States v. Green*, 600 F.2d 154, 159 (8th Cir.1979). There was no abuse of discretion in admitting the testimony.

■ Carter was also permitted to testify about a telephone call she received from a woman who identified herself as Reed's mother and supplied information to Carter concerning Reed's name and age. This information was inconsistent with representations Reed had made previously to Carter about his name and age. Carter further testified that after the telephone conversation she began to question whether Reed was, as he claimed, investing the church money over which he had gained control. Reed argues that he was denied a fair trial because the statements made to Carter in the telephone conversation were inadmissible hearsay when repeated by her at trial. The government argues that the statements made by the caller were not offered for their truth and were thus not hearsay as defined in Federal Rule of Evidence 801(c). We believe, however, that the issue is resolved by our conclusion that when viewed in the context of the entire trial and the overwhelming evidence of Reed's guilt, any error in admitting the statements was harmless. *See United States v. Boykin*, 679 F.2d 1240, 1244 (8th Cir.1982).

■ Nancy Brooke Petersen testified that Reed had told her he was affiliated with the Bank of America. Petersen then was asked whether Reed had indicated to her that he was affiliated with "any other companies or families." As part of her response, Petersen said that Reed had told her he had Mafia connections. Defense counsel objected and asked that the answer be stricken. The objection was sustained and the jury was instructed to disregard the answer given. A motion for mistrial was denied. We find in the record no evidence that the reference by Petersen to the Mafia was elicited by the government in bad faith. The expected answer appears to have been given a short time later when Petersen testified that Reed had represented to her that his wife was a member of the Pillsbury family. As a general rule, the decision whether a trial has been so tainted by prejudicial testimony that a mistrial should be

declared lies within the discretion of the district court. *United States v. Bentley,* 706 F.2d 1498, 1510 (8th Cir.1983); *United States v. Maestas,* 554 F.2d 834, 839 (8th Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977). The mere mention of organized crime does not by itself render an entire trial unfair. *United States v. Varsalona,* 710 F.2d 418, 420 (8th Cir.1983). Any prejudice that arose from this isolated incident was harmless in the context of the whole trial and thus the district court did not abuse its discretion in refusing to declare a mistrial. *See id.* at 419–20.

▆ During her testimony Petersen identified a knapsack that had been left at her office by an acquaintance of Reed. Petersen later turned the knapsack over to Thomas Shantz, an F.B.I. agent. Shantz made an inventory of the knapsack's contents and at trial identified documents found in the knapsack which indicated that Reed had used the knapsack and that he was involved in misappropriating the church's assets. When asked how he had gained possession of the knapsack, Shantz responded that Petersen had called and told him "that the knapsack had been left to be destroyed * * *." Defense counsel interrupted the answer, objected on grounds of hearsay, and asked that the answer be stricken. The objection was overruled. Defense counsel renewed his objection soon after Shantz resumed his answer and a bench conference followed. Once Shantz' interrupted answer was read back by the court reporter, the judge noted that she had not heard that part of the answer pertaining to destruction of the knapsack. The judge then sustained the objection and struck the answer, but denied a motion for mistrial. The jury was instructed to disregard Shantz' answer concerning Petersen's statements to him about the knapsack. We observe in addition that Shantz' answer did not directly show that Reed had attempted to procure destruction of the knapsack and its contents. The district court's action adequately mitigated any prejudice that may have arisen from the challenged testimony.

▆ During cross-examination defense counsel questioned Shantz about his involvement in commencing unrelated state criminal proceedings against Reed in Missouri. Reed contends that, based on Shantz' testimony at a pretrial hearing, defense counsel expected him to answer that there had in fact been no formal prosecution on these charges, an answer which it is claimed would have shown that Shantz harbored prejudice against Reed. Shantz indicated, however, that prosecution of the Missouri charges was continuing and that Reed's custody was being sought through the use of a detainer. Hence, in addition to undercutting Reed's contention that Shantz was prejudiced, the testimony put evidence before the jury which suggested Reed's involvement in other criminal conduct.

Reed argues that the government violated Federal Rule of Criminal Procedure 16(a)(1)(B) by not revealing to him information about the pending criminal proceedings and related detainer, and that as a consequence of this violation defense counsel was tricked into eliciting damaging testimony. Reed did not object when Shantz testified about the Missouri proceedings but waited instead until the next day to move for mistrial on the ground that Rule 16 had been violated by the government. Despite this delay in raising the issue, the district court specifically considered defense counsel's claims of prejudice and noted that the jury had been instructed, and would again be instructed, that Reed was on trial only for the charges included in the indictment. Reed's motion for mistrial was denied.

The government maintains that it was not required under Rule 16(a)(1)(B) to reveal information about the Missouri proceedings because this information did not constitute a prior criminal record. Information about Missouri proceedings to return Reed to that state to face criminal charges does not constitute a prior criminal record within Federal Rule of Criminal Procedure 16(a)(1)(B). In any event, a violation of Rule 16(a)(1)(B) is not cause for reversal unless the violation prejudiced the substantial rights of the defendant. *See*

*United States v. Levine,* 700 F.2d 1176, 1182 (8th Cir.1983). In view of the instructions given by the district court, we are unable to see how Reed was prejudiced by the innocuous testimony about the Missouri proceedings. In denying the motion for mistrial the district court did not abuse the discretion it had to decide whether the claimed improper testimony so tainted the trial as to require a mistrial. *See United States v. Bentley, supra,* 706 F.2d at 1510; *United States v. Maestas, supra,* 554 F.2d at 839.

 Reed's final contentions deal with the prosecutor's statements during closing argument. Our review of the record shows that only one aspect of closing argument requires particular comment. While analyzing the credibility of the government's witnesses during rebuttal, the prosecutor argued to the jury that if Reed had told the truth in his testimony the government witnesses must have lied. No objection to this form of argument was made, however, until ultimately the prosecutor argued that for the jury to acquit Reed "[they] must determine that Mr. Reed is telling the truth and that all [the government witnesses] are lying to you." This form of argument is improper because it involves a distortion of the government's burden of proof. *See United States v. Vargas,* 583 F.2d 380, 386–87 (7th Cir.1978). The district court sustained the objection and gave a curative instruction which advised the jury that it was for them to determine why a discrepancy in the evidence exists and that such a discrepancy may occur for innocent reasons.

Reed moved for mistrial based on the prosecutor's rebuttal argument. On consideration of the case as a whole, we do not believe the district court abused its discretion in denying this motion for mistrial. *See United States v. Singer,* 660 F.2d 1295, 1305 (8th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982). The prosecutor could have been more circumspect in his statements to the jury, and our disposition of this case should not be read as approval of the prosecutor's remarks. Nevertheless, in view of the strength of the government's case, we do not believe that the prosecutor's statements were so prejudicial as to require reversal. *See United States v. King,* 616 F.2d 1034, 1040–41 (8th Cir.), *cert. denied,* 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980).

We hold that none of the individual asserted errors warrants reversal and that the cumulative effect of any error did not deny Reed a fair trial. Accordingly, we affirm.